IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| RAY DEAN WILSON, | ) | Cause No. CV 07-37-BU-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE |
| DEPARTMENT OF SOCIAL SECURITY | ) | JUDGE |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 11, 2007, Plaintiff Ray Dean Wilson moved to proceed in forma pauperis with this action (Document 1). On July 30, 2007 Plaintiff provided a more detailed and intelligible statement of his finances (Document 6) in accordance with the Court's Order of June 29, 2007 (Document 5).  Plaintiff has submitted a Complaint alleging "Financial Assault To Murder in the First Degree 18 USCA CH 51 SEC 1112" (Document 2).  Plaintiff's claims are not clearly described in the basically incoherent Complaint, nor is the role played by the named Defendants identified with any clarity.

Permission to proceed *in forma pauperis* is discretionary with the court.  See 28 U.S.C. § 1915(a).  The court should grant leave to proceed *in forma pauperis* if the affidavit sufficiently indicates that the affiant cannot pay court costs and still provide the necessities of life for himself

ORDER DENYING FORMA PAUPERIS STATUS / PAGE 1

and his family. <u>Adkins v. E. I. Du Pont de Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948). Plaintiff has submitted an affidavit disclosing his financial status. Based upon that affidavit, it appears that Plaintiff satisfies the financial requirements for *in forma pauperis* status. However, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987). Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(discussing 28 U.S.C. § 1915(d), now § 1915(e)).

Plaintiff's Complaint does not intelligibly set out his allegations and does not explain how the defendants he identifies are related to whatever wrongs he is alleging have been committed. It appears that Plaintiff is seeking to make claims related to the payment of Social Security benefits. The additional documentation provided with the complaint contains what appear to be pieces of correspondence between Plaintiff and the Social Security Administration; these items are for the most part from the late eighties and early nineties, and their relevance to Plaintiff's complaint is unclear. (Document 2, Attachment 1).

To the extent Plaintiff seeks a reconsideration of the denial of Social Security disability benefits, it appears that any such denial occurred twenty years ago and could not serve as the basis of this lawsuit. To the extent Plaintiff is seeking to sue for money damages for the improper denial of benefits, he is prohibited from doing so. <u>See</u> <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988).

The Court determines that Plaintiff's Complaint does not contains a cause of action and is

ORDER DENYING FORMA PAUPERIS STATUS / PAGE 2

therefore frivolous.  His motion to proceed *in forma pauperis* should be DENIED.

Based on the foregoing, the Court hereby RECOMMENDS:

1. That Plaintiff's motion to proceed in forma pauperis (Document 1) be **DENIED**.

2. That Plaintiff pay the full filing fee of $350.00 on or before **September 12, 2007**.

3. That Plaintiff's Complaint (Document 2) be deemed **DISMISSED** and that the Clerk of Court close the file if full payment of the filing fee is not received within six calendar days after September 12, 2007.

Plaintiff is not entitled to a ten-day period to object to this Recommendation. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

DATED this 16th day of August, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge